IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:24-cv-670-RAH-KFP |
| | ) | |
| LEONARD RILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' *Motion To Dismiss With Prejudice* (doc. 34). On February 5, 2026, the Magistrate Judge ordered Plaintiff to show cause on or by February 26, 2026, as to why the motion should not be granted. (*See* doc. 35.) Plaintiff did not timely comply. Instead, on March 3, 2026, Plaintiff filed a *Motion Requesting An Extension of Time*, seeking a 21-day extension in which to file a response. (*See* doc. 38.) The Motion was granted on March 5, 2024, and Plaintiff was ordered to file his response on or by March 19, 2026. (*See* doc. 39.) Plaintiff did not comply, and has filed no response whatsoever. Accordingly, the Defendants' *Motion to Dismiss with Prejudice* is now ripe.

Defendants' motion is largely premised upon Plaintiff's refusal to sit for his deposition. By way of background, on January 21, 2026, the Magistrate Judge granted Defendants' *Motion For Leave To Depose Incarcerated Plaintiff* (doc. 31), and granted leave for the Defendants to take Plaintiff's deposition on January 26, 2026. (*See* doc. 32.) Plaintiff was notified of his deposition date and accommodations were made to secure his attendance through Donaldson Correctional Facility, which was his place of incarceration. Upon arriving at the

deposition, Plaintiff refused to sit for his deposition and refused to substantively communicate with defense counsel, announcing only that he wanted to return to his housing area.   In response, the Defendants filed their *Motion to Dismiss*.

Since that time, the Court ordered Plaintiff to show cause why the Defendants' motion should not be granted and this case dismissed.   Plaintiff did not timely comply with the initial order.   And he did not comply at all with the Court's subsequent order that gave him additional time to file a response and that notified him that his failure to comply could result in the dismissal of his case.   As such, it has now been approximately 60 days since the Defendants filed their motion, and Plaintiff has not only failed to comply with the directives of the Court, but also in doing so, has failed to provide any explanation as to why he refused to sit for his deposition.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. *See Brown v. Tallahassee Police Dep't.*, 205 F. App'x 802, 802-03 (11th Cir. 2006) (affirming sua sponte dismissal of pro se action for failure to prosecute or failure to obey a court order). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a case due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. *See State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) ("Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for

failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Id.*

Here, Plaintiff refused to sit for his deposition, as he is required to do as a litigant in this case under the Federal Rules of Civil Procedure and as ordered by the Magistrate Judge. And he has twice failed to file a timely response to the Magistrate Judge's show cause order, even after being warned that a failure to respond would result in dismissal of the case. No lesser sanction is appropriate given Plaintiff's willful, flagrant and systematic actions here.

Accordingly, and for good cause, it is **ORDERED** as follows:

(1)    Defendants' *Motion To Dismiss With Prejudice* (doc. 34) is **GRANTED**;

(2)    This case is **DISMISSED** with prejudice; and,

(3)    A separate judgement will issue.

**DONE** and **ORDERED** on this the 2nd day of April 2026.

 

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3